1  BILAL A. ESSAYLI
   Acting United States Attorney
2  JOSEPH T. MCNALLY
   Assistant United States Attorney
3  Acting Chief, Criminal Division
   IAN V. YANNIELLO (Cal. Bar No. 265481)
4  GREGORY W. STAPLES (Cal. Bar No. 155505)
   DANIEL H. WEINER (Cal. Bar No. 329025)
5  Assistant United States Attorneys
         1400/1500 United States Courthouse
6        312 North Spring Street
         Los Angeles, California 90012
7        Telephone: (213) 894-3667/3535/0813
         Facsimile: (213) 894-0142
8        E-mail:    ian.yanniello@usdoj.gov
                    greg.staples@usdoj.gov
9                   daniel.weiner@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

11                    UNITED STATES DISTRICT COURT

12               FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,            No. CR 24-621(B)-MWF

14          Plaintiff,                  [PROPOSED] ORDER CONTINUING TRIAL
                                        DATE AND FINDINGS REGARDING
15               v.                     EXCLUDABLE TIME PERIODS PURSUANT
                                        TO SPEEDY TRIAL ACT
16 DURK BANKS, et al.,
                                        **[PROPOSED] TRIAL DATE:** 01/20/2026
17          Defendants.
                                        **[PROPOSED] PRETRIAL
18                                      CONFERENCE DATE:**      01/07/2026

19

20

21       The Court has read and considered the Stipulation Regarding

22 Request for (1) Continuance of Trial Date and (2) Findings of

23 Excludable Time Periods Pursuant to Speedy Trial Act, filed by the

24 parties in this matter.  The Court hereby finds that the Stipulation,

25 which this Court incorporates by reference into this Order,

26 demonstrates facts that support a continuance of the trial date in

27 this matter, and provides good cause for a finding of excludable time

28 pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.    The trial in this matter is continued from October 14, 2025, to January 20, 2026.  The Court sets the following pretrial schedule:

        a.    Expert disclosure deadline:

                i.    Government disclosure[1]: September 1, 2025

                ii.  Defense disclosure: November 1, 2025

        b.    Pretrial motions other than motions *in limine* or motions regarding experts:

                i.    Motions due: October 6, 2025

                ii.  Oppositions due: October 27, 2025

                iii. Optional replies due: November 10, 2025

---

[1] The government may promptly supplement its disclosure and/or notice one or more rebuttal experts based on disclosures made by the defense on November 1, 2025.

2

iv.  Hearing date: November 17, 2025

c.  Government's disclosures pursuant to Fed. R. Evid. 404(b): November 17, 2025

d.  Motions *in limine*, including motions regarding experts:

i.  Motions due: December 8, 2025

ii.  Oppositions due: December 22, 2025

iii. Hearing date/pretrial conference: January 7, 2026

2.  The time period from the date the stipulation to continue was filed to January 20, 2026, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), (h)(7)(B)(iv), and (h)(6).

3.  The court further finds that defendant DURK BANKS ("defendant BANKS") is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.  Pursuant to 18 U.S.C. § 3161(h)(6), the time period from the date the stipulation to continue was filed to January 20, 2026, inclusive, constitutes a reasonable period of delay for defendant BANKS, who is joined for trial with codefendants as to whom the time for trial has not run and no motion for severance has been granted.

///

///

///

4. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____          _____
 DATE                                    HONORABLE MICHAEL W. FITZGERALD
                                         UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
DANIEL H. WEINER
Assistant United States Attorney