# EXHIBIT D

```
10:17:10  1              UNITED STATES DISTRICT COURT

          2      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

          3      HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

          4

          5
                 UNITED STATES OF AMERICA,      )
          6                                     )
                            Plaintiff,          )
          7                                     )
                         vs.                    )
          8                                     )   2:24-CR-621-MWF
                 DEONDRE DONTRELL WILSON,       )
          9      DAVID BRIAN LINDSEY,           )
                 ASA HOUSTON,                   )
         10      DURK BANKS,                    )
                                                )
         11                 Defendants.         )
                 _____)
         12

         13

         14

         15              REPORTER'S TRANSCRIPT OF HEARING

         16                  Los Angeles, California

         17                Tuesday, November 18, 2025

         18

         19

         20

         21         _____

         22             AMY DIAZ, RPR, CRR, FCRR
                        Federal Official Reporter
         23            350 West 1st Street, #4455
                         Los Angeles, CA 90012
         24

         25
                 Please order court transcripts here:  www.amydiazfedreporter.com
```

AMY C. DIAZ, RPR, CRR OFFICIAL COURT REPORTER

| | | |
|---|---|---|
| 1 | 10:17:12 | THE CLERK: Calling item number one, case number |
| 2 | 10:17:16 | CR-24-621-MWF, United States of America vs. Deondre Dontrell |
| 3 | 10:17:23 | Wilson, David Brian Lindsey, Asa Houston, and Durk Banks. |
| 4 | 10:17:29 | Counsel, please state your appearance for the |
| 5 | 10:17:30 | record. |
| 6 | 10:17:32 | MR. YANNIELLO: Good morning, Your Honor. Ian |
| 7 | 10:17:33 | Yanniello, Danny Weiner and Greg Staples on behalf of the |
| 8 | 10:17:39 | United States, and with us at counsel table is FBI Special |
| 9 | 10:17:40 | Agent Jaron Farmdy. |
| 10 | 10:17:43 | MR. FINDLING: Good morning, Your Honor. Drew |
| 11 | 10:17:44 | Findling, Marissa Goldberg, Jonathan Brayman, Christy |
| 12 | 10:17:47 | O'Connor on behalf of Mr. Banks, who is present in court |
| 13 | 10:17:49 | today. |
| 14 | 10:17:49 | THE COURT: All right. Good morning, Counsel, good |
| 15 | 10:17:51 | morning, Mr. Banks. |
| 16 | 10:17:53 | MR. HARBAUGH: Good morning, Your Honor. Craig |
| 17 | 10:17:54 | Harbaugh on behalf of Mr. Wilson, who is present. |
| 18 | 10:17:56 | THE COURT: Mr. Harbaugh, Mr. Wilson. |
| 19 | 10:18:03 | MS. MOEEL: Good morning, Your Honor. Shaffy Moeel |
| 20 | 10:18:04 | on behalf of Mr. Houston, who is present in custody. |
| 21 | 10:18:05 | THE COURT: All right, Counsel, Mr. Houston. |
| 22 | 10:18:05 | MR. MILLS: Good morning, Your Honor. Tillet Mills |
| 23 | 10:18:08 | and Robert Jones on behalf of Mr. Lindsey. |
| 24 | 10:18:09 | THE COURT: Good morning, Mr. Lindsey, good morning, |
| 25 | 10:18:11 | Counsel. |

10:18:11             We are here for a hearing on the pretrial motions
10:18:18  which were filed.  After they were filed, a further flurry
10:18:23  arose from the filing the motion for recusal, or
10:18:29  disqualification and dismissal, and then the ex parte
10:18:34  applications related to that.
10:18:37             Having received the first motion and the request
10:18:41  that certain exhibits be filed under seal, which I granted, I
10:18:48  thought it would be useful to discuss a scheduling -- a
10:18:55  schedule for that motion.  And because certain things were
10:19:02  being filed under seal, perhaps that discussion should be
10:19:06  under seal, as well.
10:19:07             Since then, the Government filed its initial
10:19:12  opposition.  And I think it's correct that there are two
10:19:14  issues raised by that motion:  The first, the recusal and its
10:19:19  related request to stay, and then the actual relief.
10:19:24             The Government did file its opposition to recusal
10:19:28  and a stay; and therefore, we can discuss that this morning.
10:19:38             And after that, I think we can then turn to the
10:19:42  other motions.
10:19:44             So the -- I think the Government frankly laid out
10:19:47  why -- I just don't understand the request for the recusal,
10:19:52  either of me or any other judge on this court.  I just -- I
10:19:58  just don't understand what the basis for that would be.  It
10:20:02  could be that if someone were ever brought to justice for the
10:20:09  threats that were made to the magistrate judge, assuming a

```
10:20:13   1   crime occurred, and assuming there was a prosecution, then
10:20:16   2   perhaps it would be appropriate for not just -- for all
10:20:20   3   judges on this court, not just myself, to recuse themselves
10:20:24   4   in that.
10:20:25   5         But here, regardless of what threats would be made
10:20:28   6   to me or to anybody else, there would be no basis for a
10:20:31   7   recusal, especially here where it's understood that those
10:20:38   8   threats, and one presumes any future threats, would not be at
10:20:42   9   the instigation of these defendants.
10:20:43  10         So again, I know the request has been made, so I
10:20:48  11   want to hear your argument, but I just don't understand what
10:20:50  12   the basis is for any recusals of any Central District judges.
10:20:57  13         So, Counsel, do you want to be heard on that?
10:21:03  14         MR. FINDLING:  Your Honor, I'll start, and then --
10:21:07  15   Drew Findling on behalf of Mr. Banks -- and then I'll kick it
10:21:11  16   off to cocounsel on this issue.
10:21:13  17         First, let me start by telling Your Honor that the
10:21:19  18   Government's response does adhere to the briefing schedule.
10:21:23  19   So we believe that this needs to be addressed in a -- we
10:21:26  20   appreciate the opportunity to initially address it today.
10:21:29  21         THE COURT:  No.  Well, I think there is two issues.
10:21:31  22   The merits that -- of what you are requesting, that there
10:21:35  23   should be either disqualification of the prosecutors or
10:21:37  24   dismissal, that I think does -- that we'll take up at a
10:21:42  25   future date after the briefing is complete.  There will be an
```

| | |
|---|---|
| 1 10:21:46 | opposition, you will file a reply, we'll find a time to hear |
| 2 10:21:52 | it.  What I'm addressing now is just the request for a |
| 3 10:21:55 | recusal and a stay. |
| 4 10:21:57 |       MR. FINDLING:  Sure. |
| 5 10:21:57 |       So, Your Honor, let me first talk about the glaring |
| 6 10:22:02 | omission in the Government's response that you make notice of |
| 7 10:22:06 | is, first of all, there is a little bit of inconsistency, |
| 8 10:22:12 | because on the one hand, my colleagues will be arguing at |
| 9 10:22:16 | some point about the anonymous jury in which the Government |
| 10 10:22:21 | relies on these calls as a reason for that.  So they place |
| 11 10:22:25 | great weight on it there, but as you recall from the filing |
| 12 10:22:29 | that they just did on this issue, they merely call it a few |
| 13 10:22:34 | calls. |
| 14 10:22:34 |       The calls that they reference, the big issue that we |
| 15 10:22:39 | are most concerned about, is entirely left out of the |
| 16 10:22:43 | Government's filing. |
| 17 10:22:44 |       If you will recall, respectfully, Your Honor, if you |
| 18 10:22:49 | will recall, one of the exhibits in our motion that we filed |
| 19 10:22:53 | on this issue was a letter we received from the Government |
| 20 10:22:57 | when we sent them a letter about our concerns about the |
| 21 10:23:02 | revelation that there had been threats to Judge Donahue going |
| 22 10:23:08 | back to February, to Mr. Yanniello in April, but the central |
| 23 10:23:13 | issue was that we were never told. |
| 24 10:23:18 |       In fact, we don't even know to this day, it may be |
| 25 10:23:21 | that Judge Donahue, respectfully, thought we were told and |

1  10:23:27  decided to waive the issue and not bring it up.  As our
2  10:23:30  attachments show, there was communications with Your Honor's
3  10:23:33  chambers, whether it's Your Honor, or other people in your
4  10:23:36  chambers, may have thought the Government did what I will
5  10:23:39  call, as an officer of the court, the right thing, and let us
6  10:23:42  know.  You may have thought that, or your chambers may have
7  10:23:45  thought that, Judge Donahue may have thought that.  I would
8  10:23:49  fathom they did think the Government notified us as counsel
9  10:23:54  in this case, and we waived the issue.
10 10:23:55           The central issue that is omitted from the
11 10:23:58  attachment we gave you, which is the Government's letter to
12 10:24:01  us, is they literally never reference May of 2025.  They
13 10:24:07  never reference in that letter that we did a detention
14 10:24:11  hearing for Mr. Banks in which, amongst other things -- and
15 10:24:18  it was a hearing that was substantive.  It was a change of
16 10:24:22  circumstances hearing.
17 10:24:22           In fact, if you look at Judge Donahue's order in it,
18 10:24:26  it is a substantive review of everything that took place in
19 10:24:29  that hearing.  So it wasn't a quick 15-minute hearing.
20 10:24:33           And what we did not know at the time when we were
21 10:24:36  saying that Mr. Banks should be released on bail, that he was
22 10:24:43  not a danger to the community, that he was not a threat to
23 10:24:47  anybody in the case, witnesses or anything like that, we did
24 10:24:50  not know, the Government did not let us know as counsel for
25 10:24:56  Mr. Banks, as honorable members of the bar, that had been

1  10:25:01   subjected to protective orders, and for attorney eyes only
2  10:25:05   orders, so we have shown, don't conflate us with allegations
3  10:25:08   you are making against people on this table.  We are members
4  10:25:11   of the bar.  You did not bother to let us know that we were
5  10:25:14   going in front of Judge Donahue, who had herself been
6  10:25:18   threatened by a third-party.
7  10:25:20           So to think that we got a fair and impartial hearing
8  10:25:24   at that time is faux.  It is make-believe.  And it is -- it
9  10:25:29   is really, Your Honor, as somebody that has been doing this a
10 10:25:32   long time -- and let me say, actually, loves being a lawyer,
11 10:25:35   and you will never hear me saying anything adverse in the
12 10:25:38   public about the people that represent the United States of
13 10:25:42   America and their job -- but to think so little of us, that
14 10:25:46   you would not let us know that we had a truly a ridiculous
15 10:25:51   hearing.
16 10:25:52           And then for that, to go from there, and to be
17 10:25:56   reviewed by Your Honor.  Your Honor had the position in June
18 10:26:01   when we -- to review not only what we said, but in looking at
19 10:26:06   your order, your order fastidiously studied the order that
20 10:26:11   was issued by Judge Donahue.
21 10:26:14           And so everything at that point was tainted.  And
22 10:26:18   what we didn't know, as our exhibits show, is the extent of
23 10:26:24   this investigation that was done by the lead FBI agent, that
24 10:26:30   a decision was made that the lead FBI agent in the case
25 10:26:34   against Mr. Banks and these codefendants, was the lead

| | |
|---|---|
| 1 10:26:38 | investigator in these threats. |
| 2 10:26:42 |     And all that communication is in our exhibits, was |
| 3 10:26:46 | shared with Your Honor's chambers.  And the threat to destroy |
| 4 10:26:52 | the building, or whatever, we just assume everybody -- I |
| 5 10:26:56 | mean, assume -- and I'll let -- cocounsel is going to address |
| 6 10:26:59 | this issue, because it was a collaborative effort, the |
| 7 10:27:02 | writing, as you would imagine -- but our thought process |
| 8 10:27:07 | collectively was that this threat was taken very seriously, |
| 9 10:27:11 | because the documents that we have submitted to Your Honor |
| 10 10:27:14 | show that the U.S. Marshals Service, shows the FBI, and the |
| 11 10:27:19 | Department of Justice didn't look at it, like the most recent |
| 12 10:27:23 | filing, a few phone calls; they looked at it as a serious |
| 13 10:27:27 | threat.  And we would imagine that that was disseminated. |
| 14 10:27:33 | People should know in this courthouse that somebody is making |
| 15 10:27:36 | this, what was deemed a viable threat. |
| 16 10:27:39 |     And so that is the cause of what we consider at this |
| 17 10:27:44 | point to have been tainted proceedings.  These have been a |
| 18 10:27:48 | direct threat to the constitutional rights of Mr. Banks, his |
| 19 10:27:52 | due process rights. |
| 20 10:27:54 |     I say it again, Your Honor, I'm in total disbelief. |
| 21 10:28:02 | Forty years, forty years, and there is not one part of me |
| 22 10:28:05 | that can imagine a rationale for letting us walk honestly in |
| 23 10:28:10 | front of Judge Donahue and make fools of ourselves. |
| 24 10:28:16 |     As I said to my cocounsel, talking -- a lot of us |
| 25 10:28:18 | have children, when we raise kids, particularly teenagers, |

| | |
|---|---|
| 1 10:28:21 | you say there is a point and a counterpoint when you have a |
| 2 10:28:24 | debate.  But sometimes I said to my kids, there is no |
| 3 10:28:28 | counterpoint.  When I say to be in by 11, don't come back and |
| 4 10:28:31 | say you can get in by 11:05. |
| 5 10:28:34 | To me, respectfully, there is no counterpoint in |
| 6 10:28:36 | this.  There is no rationale, there is no rationale that you |
| 7 10:28:39 | let defense counsel, that is trying to protect the |
| 8 10:28:44 | constitutional rights of our client, to try to make sure he |
| 9 10:28:47 | has a fair and impartial determination as to whether in this |
| 10 10:28:50 | critical stage in the proceedings, he should be released, so |
| 11 10:28:53 | that he can be free and operate from the outside under the |
| 12 10:28:57 | stringent conditions, and that he's not going to be a threat |
| 13 10:29:00 | to the community, there is no rationale for not saying, we |
| 14 10:29:04 | know that you all have really honored the protective order. |
| 15 10:29:08 | We know you all have really protected the attorney's eyes |
| 16 10:29:12 | only.  You have shown us, okay, we want you to know -- and |
| 17 10:29:17 | maybe they said it a -- we can't let anybody else know, but |
| 18 10:29:21 | you should know before you argue, there is no rationale that |
| 19 10:29:24 | the Government can come up here and say, as my colleague |
| 20 10:29:28 | Mr. Brayman said, who has been a bird dog on case law around |
| 21 10:29:31 | the country, he says over and over again, "Find me a case |
| 22 10:29:36 | where a judge has told the Government, whether it be a state |
| 23 10:29:41 | sovereign or the United States of America, it's okay to keep |
| 24 10:29:44 | secrets and make fools of your opposing counsel," because |
| 25 10:29:47 | such a case does not exist. |

```
 1 10:29:49              Because the one thing that we have, and more
 2 10:29:51   importantly, Mr. Banks has, is the Constitution.  And so we
 3 10:29:57   operate under the thought process with this threat to the
 4 10:30:01   courthouse, that this was taken -- and that is why we have
 5 10:30:04   overloaded you with exhibits, and we want -- we deeply want
 6 10:30:07   an evidentiary hearing, because we have talked about it, we
 7 10:30:11   are like, the Court may have just thought that we knew.  The
 8 10:30:16   Court may have thought we knew, and just went ahead and
 9 10:30:21   thought we waived the issue.  We have no doubt that is a
10 10:30:24   major possibility, thought, yeah, the Government would never
11 10:30:29   keep a secret like that, never.  That would never happen.
12 10:30:32   But we didn't know.
13 10:30:33         So that is my thought process.  I know I want to
14 10:30:37   give time to my colleagues who want to address the same issue
15 10:30:41   with the Court's permission.
16 10:30:42         I think I'll pass to Mr. Harbaugh at this time.
17 10:30:47         MR. HARBAUGH:  Your Honor, just very briefly, and I
18 10:30:54   just want to address the objections that were filed.
19 10:30:58         So we appreciate the Court honoring our request to
20 10:31:03   have this public, because we think it is --
21 10:31:05         THE COURT:  I just want to repeat, Mr. Harbaugh,
22 10:31:08   when I suggested that it might be closed, it was solely in
23 10:31:11   regard to scheduling, and if the defense, which had requested
24 10:31:14   that certain exhibits be filed under seal, wish to have a
25 10:31:18   full discussion of those.  It's -- once the Government filed
```

| | | |
|---|---|---|
| 1 | 10:31:21 | its opposition, it was never my intention to have anything |
| 2 | 10:31:25 | other than a public hearing. |
| 3 | 10:31:27 |       MR. HARBAUGH:  Thank you, Your Honor.  My -- our |
| 4 | 10:31:30 | apologies.  It was -- we were just going off the Court's |
| 5 | 10:31:33 | scheduling order.  So I appreciate that. |
| 6 | 10:31:35 |       THE COURT:  Which was filed about 10 minutes after I |
| 7 | 10:31:37 | read your motion.  So it's -- obviously, there is a lot of |
| 8 | 10:31:40 | water under the bridge since then. |
| 9 | 10:31:42 |       So go ahead. |
| 10 | 10:31:43 |       MR. HARBAUGH:  Understood, Your Honor. |
| 11 | 10:31:44 |       So my focus here is really on the -- our request for |
| 12 | 10:31:50 | a stay pending resolution of the recusal with full fact |
| 13 | 10:31:56 | development. |
| 14 | 10:31:57 |       And, Your Honor, at this -- the problem that the |
| 15 | 10:31:59 | defense has, is we don't know what we don't know.  We have |
| 16 | 10:32:03 | very limited discovery that the Government provided to us |
| 17 | 10:32:08 | only with the goal of relying upon that evidence in support |
| 18 | 10:32:15 | of their motion for an anonymous jury. |
| 19 | 10:32:18 |       It was not disclosed to us to inform us as to what |
| 20 | 10:32:23 | is going on behind the scenes, that there are threats to the |
| 21 | 10:32:28 | judiciary in this case.  It wasn't to keep us apprised.  It |
| 22 | 10:32:33 | was solely for the Government's benefit, so they could pursue |
| 23 | 10:32:37 | an anonymous jury.  And, yes, it was maybe a few days before, |
| 24 | 10:32:41 | but it was for the filing.  Clearly, that was the sole |
| 25 | 10:32:45 | intent. |

1  10:32:45   And so, Your Honor, we have some piecemeal
2  10:32:48   information, and the defense certainly has a reasonable
3  10:32:52   basis, and at this point we would reserve on whether, and to
4  10:32:56   the extent which judges knew, but it's a reasonable inference
5  10:33:00   that the courthouse was informed of this threat of causing
6  10:33:08   damage to the entire building.
7  10:33:10   And so, Your Honor, the -- the defense has been at
8  10:33:19   an incredible disadvantage, which is why we think a
9  10:33:24   substantive evidentiary hearing should be ordered by the
10 10:33:29   Court, so we can address these issues.
11 10:33:32   And our concern, and I apologize for jumping the
12 10:33:34   gun, is that the Court was going to summarily deny the
13 10:33:39   recusal motion, and then just proceed to the merit -- the
14 10:33:42   substantive pretrial motions that the parties have filed.
15 10:33:45   And, Your Honor, even if the evidence --
16 10:33:49   THE COURT:  Go ahead, Mr. Harbaugh.  Go ahead.
17 10:33:53   MR. HARBAUGH:  Your Honor, even if the Court was not
18 10:33:57   personally aware, the issue is what the public would perceive
19 10:34:02   would be the appearance of bias based upon these looming
20 10:34:07   threats, not by our clients, but in their names, specifically
21 10:34:12   invoking their names.
22 10:34:14   And so, Your Honor, based upon that, we think the
23 10:34:16   most prudent course is to schedule expeditiously a hearing on
24 10:34:23   the recusal, and that the Court defer on the substantive
25 10:34:26   motions today.

| | |
|---|---|
| 1  10:34:27 | THE COURT: Thank you. |
| 2  10:34:29 | Do any other defense counsel wish to be heard? |
| 3  10:34:33 | Does the Government wish to be heard? |
| 4  10:34:36 | MR. YANNIELLO: Briefly, Your Honor. |
| 5  10:34:37 | We understand that the arguments that counsel is |
| 6  10:34:43 | making, Mr. Findling, but that is conflating the issue. The |
| 7  10:34:47 | issue before Your Honor is whether Your Honor can be |
| 8  10:34:49 | perceived as a biased arbiter of fact here. Mr. Findling, |
| 9  10:34:55 | his entire argument was based on what occurred before the |
| 10 10:34:59 | magistrate judge. |
| 11 10:35:00 | One thing I do agree with both counsel on is that |
| 12 10:35:03 | the threats here have not been linked to any of the |
| 13 10:35:06 | defendants in this case. They were third-party actors. And |
| 14 10:35:10 | it would be not only counterintuitive, but it would defy |
| 15 10:35:15 | binding circuit law if judges could be recused based on |
| 16 10:35:19 | third-parties or people, even the defendants threatening or |
| 17 10:35:24 | trying to intimidate the judge. |
| 18 10:35:26 | There is binding law on this point in *Clemons vs.* |
| 19 10:35:29 | *United States District Court*, the judge did not recuse, even |
| 20 10:35:33 | though the underlying litigation was three -- a person who |
| 21 10:35:38 | threatened three different Central District judges, three |
| 22 10:35:42 | different judges, and the District Judge still proceeded in |
| 23 10:35:46 | that case. |
| 24 10:35:47 | The Government's position is the Court can and |
| 25 10:35:49 | should categorically reject and summarily deny the request to |

| | |
|---|---|
| 1  10:35:53 | recuse.  There is no basis to perceive that this Court can |
| 2  10:35:56 | proceed in any fashion other than fair and impartial. |
| 3  10:36:00 |       THE COURT:  Thank you. |
| 4  10:36:02 |       MR. FINDLING:  May I respond briefly, Your Honor? |
| 5  10:36:04 |       THE COURT:  You may. |
| 6  10:36:05 |       MR. FINDLING:  Thank you. |
| 7  10:36:05 |       Your Honor, I respectfully disagree with the |
| 8  10:36:10 | Government when they say that -- my words are very clear to |
| 9  10:36:13 | Your Honor, and I remember very well, I believe Your Honor |
| 10 10:36:17 | gave us a lengthy hearing on June 2nd.  We had the grand jury |
| 11 10:36:22 | hearing on the transcripts that Ms. O'Connor did, and then |
| 12 10:36:26 | the detention hearing was actually a lengthy hearing. |
| 13 10:36:30 |       You took that under advisement, and then you |
| 14 10:36:32 | issued -- you can see your own order -- you gave a very |
| 15 10:36:36 | substantive analysis, not only the hearing, but you gave a |
| 16 10:36:39 | substantive analysis of the decision that was made by the |
| 17 10:36:44 | magistrate in May. |
| 18 10:36:46 |       And if I remember correctly, in the sheet, it |
| 19 10:36:51 | references in your order, it lists like the documents |
| 20 10:36:54 | reviewed, or something like that, and I want to say all of |
| 21 10:36:56 | them had May dates, if my memory serves me correctly. |
| 22 10:37:01 |       And so while we see the documents going back and |
| 23 10:37:06 | forth to your chambers, we don't know what was communicated |
| 24 10:37:09 | to you.  But here is what we do know:  We do know that you |
| 25 10:37:14 | were analyzing the May decision by Judge Donahue, who was |

```
10:37:21   well informed of this threat.
10:37:23            And so it wasn't just about Judge Donahue, it's that
10:37:29   you were in a position -- and again, we say the same thing,
10:37:31   we don't know if you or Judge Donahue thought we knew, we
10:37:35   have no idea.  And we -- and we concur on the staying the
10:37:39   proceedings.  You know, we want to move forward as hard as
10:37:44   anybody else, but we feel that, we have fully explained to
10:37:46   our client that we have a constitutional responsibility to
10:37:50   stay and exhaustively look at this issue.
10:37:53            And as Mr. Harbaugh said, it's really clear, it's
10:37:56   the appearance, it's the appearance of impropriety, and that
10:37:59   is something that the Government didn't talk about, and quite
10:38:02   frankly, they can't talk about, because there is no
10:38:06   counterpoint, it's indefensible.
10:38:08            THE COURT:  Well, that will be addressed later as to
10:38:12   what the Government did, and how dire it is.
10:38:16            On the matter that is currently before me, the first
10:38:22   is should the request for recusal be referred to a different
10:38:26   judge?  The rules in this district are very clear, where that
10:38:32   it is -- it is consistent with statute that the matter should
10:38:38   first be considered by the judge to whom the request is made.
10:38:41            And keeping that in mind, the request is denied.
10:38:47   There is no basis here for either my recusal, or for that
10:38:52   matter, Judge Donahue's recusal.
10:38:56            And I disagree that counsel were made fools of.  I
```

```
 1  10:39:02   just don't think that is true.  But that is -- I know that
 2  10:39:04   you sincerely do believe that, and we'll discuss that at the
 3  10:39:08   next hearing.
 4  10:39:09            For now, it simply is not the case, and the
 5  10:39:15   Government is correct about the case law, that actions in
 6  10:39:20   this case can force a judge off the case.  Of course, this is
 7  10:39:26   never going to happen, but even if one of the defendants here
 8  10:39:29   were to stand up and threaten me in open court, I would hold
 9  10:39:33   that person in contempt, but that would not be a basis for me
10  10:39:36   to be recused from the case.
11  10:39:40            Like I said, it's one thing if someone were to be
12  10:39:43   indicted and separately prosecuted for threats, but that is
13  10:39:48   not the situation that we have here.
14  10:39:50            Rather, the situation is, can someone unilaterally
15  10:39:57   force assigned judges off a case by making threats?  And the
16  10:40:01   answer to that question is no.  And it has to be, because
17  10:40:05   otherwise, there would be a -- there would be a reason that
18  10:40:10   people might want to do that.
19  10:40:13            Here, it's especially the case where at no time has
20  10:40:16   anyone thought that the defendants here had any role in this.
21  10:40:21   It was clearly someone who just was agitated and acted out,
22  10:40:28   and did something that should never have been done, but that
23  10:40:31   just has nothing to do with these defendants; and therefore,
24  10:40:36   there is simply no basis for my recusal, Judge Donahue's
25  10:40:42   recusal, or to stay anything.
```

```
 1  10:40:45         The request for recusal is denied, and we will go
 2  10:40:49   forward with the current schedule.
 3  10:40:51         You know, the Government raised in its opposition
 4  10:40:54   the thought that this is, in essence, an attempt to obtain a
 5  10:41:05   continuance with counsel knowing the Government would object
 6  10:41:08   to that.
 7  10:41:09         I do take your views here, and your agitation
 8  10:41:15   seriously, and know that they are sincerely held, but the
 9  10:41:19   fact is if one of the defendants feels that there needs to be
10  10:41:22   a continuance of this trial, I'm not in favor of that,
11  10:41:26   clearly the Government isn't, probably many of the defendants
12  10:41:29   and counsel are not, as well, then the request should just be
13  10:41:32   made here, and I'll consider it.  Is there -- is it necessary
14  10:41:36   to have a continuance here?
15  10:41:39         But to do that gratuitously when I would either
16  10:41:44   recuse myself, when there is no basis, or even refer it to
17  10:41:47   another judge in this district, when there is no basis, then
18  10:41:51   that just would be inappropriate, when it would likely lead
19  10:41:57   to a continuance, which is something I don't want, I know the
20  10:42:04   Government doesn't want it, because it said so, and it could
21  10:42:07   well be that many of the defendants and counsel don't want
22  10:42:09   it, either.  So all the more reason that the request should
23  10:42:14   be denied.
24  10:42:14         However, the second half of your motion, which is
25  10:42:18   that the Government has done something which is sufficient to
```

| | |
|---|---|
| 1 10:42:24 | require some other sort of relief than recusal is something |
| 2 10:42:29 | that we'll take up at the appropriate time. |
| 3 10:42:31 |     Let me now turn to the numerous motions which are |
| 4 10:42:38 | here. |
| 5 10:42:44 |     The motion in limine, properly brought, as counsel |
| 6 10:42:47 | said, early enough so it can affect how a trial is prepared, |
| 7 10:42:54 | is obviously tied, then, to the motion to sever. |
| 8 10:42:59 |     And the purported 404(b) evidence is so voluminous |
| 9 10:43:08 | and so many different sorts that I'm just not prepared to |
| 10 10:43:12 | address that today.  So we'll address that at our next |
| 11 10:43:15 | hearing.  And there likewise, then, is -- we will address the |
| 12 10:43:21 | motion to sever after the dust settles on the 404(b) motion. |
| 13 10:43:28 |     What we are left with, then, is the motion to |
| 14 10:43:33 | dismiss for vagueness, or in the alternative, for the bill of |
| 15 10:43:37 | particulars, the motion to dismiss Count 4, the motion for an |
| 16 10:43:47 | early -- to suppress evidence, which might have been mooted |
| 17 10:43:52 | by the Government's concessions in its opposition, I wasn't |
| 18 10:43:57 | clear on that, the motion for an early return of Jencks Act |
| 19 10:44:01 | material, and as was mentioned, the Government's request for |
| 20 10:44:04 | an anonymous jury. |
| 21 10:44:06 |     So let's start taking those up. |
| 22 10:44:10 |     Let me hear counsel on Mr. Banks's motion, in which |
| 23 10:44:16 | the other defendants join, to dismiss for vagueness or the |
| 24 10:44:19 | bill of particulars. |
| 25 10:44:21 |     MS. O'CONNOR:  Thank you, Your Honor. |